## Salem

### CALVIN WINDELL DAVIS, s/k/a CALVIN WENDELL DAVIS

v.

### COMMONWEALTH OF VIRGINIA

No. 1415-89-3

Decided April 9, 1991

COUNSEL

Joseph A. Sanzone (Paul Whitehead Associates, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—On May 6, 1975, the Circuit Court of Charlotte County declared Calvin Windell Davis to be an habitual offender as defined in Code § 46.1-387.2 (now Code § 46.2-351). The trial court's order revoked Davis' driving privilege for a period of ten years, but contained no provision incorporating the requirement of Code § 46.1-387.9 (now Code § 46.2-358)[1] that the revocation would remain in effect until the privilege was restored or until Davis petitioned the court at the expiration of the ten-year period in order to restore his driving privilege.[2]

Davis never petitioned the court to have his driving privilege restored. On April 25, 1989, he was stopped by an officer of the Lynchburg Police Department who noticed that Davis was driving a vehicle with an expired inspection sticker and which displayed

---

[1] CODE § 46.1-387.9 RESTORATION OF PRIVILEGE OF OPERATING MOTOR VEHICLE; WHEN PETITION MAY BE BROUGHT; TERMS AND CONDITIONS. — At the expiration of ten years from the date of any final order of a court entered under the provisions if this article, finding a person to be an habitual offender and directing him not to operate a motor vehicle in this Commonwealth, such person may petition the court . . . for restoration of his privilege to operate a motor vehicle in this Commonwealth. Upon such petition, and for good cause shown, such court may, in its discretion, restore to such person the privilege to operate a motor vehicle in this Commonwealth upon such terms and conditions as this court may prescribe, subject to other provisions of law relating to the issuance of driver's license.

[2] The Charlotte County order reads, in pertinent part: "The Court doth ADJUDGE, ORDER, and DECREE that said Calvin Wendell Davis is such an 'habitual offender' as is set forth in Section 46.1-387.2 of the Code of Virginia, 1950, as amended, and that his privilege to operate a motor vehicle in this state is revoked for a period of ten (10) years from the date of this order."

only one Virginia license plate. Davis fled from his vehicle. When caught, Davis told the officer that he did not have a driver's license. The officer ran a check with the Department of Motor Vehicles and learned that Davis was classified as an habitual offender, having been so declared fourteen years earlier. Davis was arrested and charged with driving after having been declared an habitual offender. Following a bench trial, the Circuit Court of the City of Lynchburg found Davis guilty of driving after having been adjudicated an habitual offender in violation of Code § 46.1-387.8 (now Code § 46.2-357). Davis was sentenced to three years imprisonment with two years suspended.

On appeal, Davis claims that because the language of the May 6, 1975, Charlotte County order merely revoked his license for ten years and contained no provision that the revocation would remain in effect under Code § 46.1-387.9 "until the privilege . . . to operate a motor vehicle in this Commonwealth has been restored" his felony conviction for having driven fourteen years later is invalid. We agree.

■ While habitual offender proceedings are civil in nature, *Bouldin v. Commonwealth*, 4 Va. App. 166, 170-71, 355 S.E.2d 352, 355 (1987), a proceeding under § 46.1-387.8 is criminal, and violations are punished as felonies. *See Virginia ex rel. Shifflett v. Cook*, 333 F. Supp. 718 (W.D. Va. 1971). Therefore, Code § 46.1-387.8, as all penal statutes, "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." *Crews v. Commonwealth*, 3 Va. App. 531, 536, 352 S.E.2d 1, 3, *appeal refused*, 360 S.E.2d 715 (1987).

■ Code § 46.1-387.8 provides, in pertinent part, that "[i]t shall be unlawful for any person to operate any motor vehicle in the Commonwealth while the *order* of the court prohibiting such operation *remains in effect*." (emphasis added). This statute does not require restoration proceedings before the driving privilege may be resumed. While Code § 46.1-387.7 (now Code § 46.2-356) defines the period during which an habitual offender may not be issued a license,[3] it has no bearing on the definition of the felony.

---

[3] CODE § 46.1-387.7. PERIOD DURING WHICH HABITUAL OFFENDER NOT TO BE LICENSED TO OPERATE MOTOR VEHICLE. — No license to operate motor vehicles in Virginia shall be issued to an habitual offender, (1) for a period of ten years from the date of the order of the court finding such person to be an habitual offender, and (2) until the privilege

Code § 46.1-387.8 defines the felony in terms of the court's order and prohibits the person who has been declared an habitual offender from driving while the order remains in effect. The Charlotte County order revoked Davis' privilege to drive for ten years; the order contained no provision that the revocation would remain in force until the privilege was restored. Giving full force and effect to the order as it reads, we hold that it revoked Davis' license and prohibited him from driving for a period of ten years, which period of time has elapsed.

Our decision in no way alters the restoration requirements of the Habitual Offender Act, which Davis clearly did not follow. Had the order provided that the revocation would remain in force until the privilege was restored, the conviction would stand.

For the foregoing reasons, we reverse the felony conviction of Calvin Windell Davis.

*Reversed.*

Keenan, J., and Moon, J., concurred.

---

of such person to operate a motor vehicle in this Commonwealth has been restored by an order of a court of record entered in a proceeding as hereinafter provided.