COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Baker, Benton, Coleman,
        Willis, Elder, Bray, Fitzpatrick, Annunziata and
        Overton
Argued at Richmond, Virginia


ROBERT WAYNE MANNING

v.   Record No. 0681-94-2            OPINION BY
                                CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA              APRIL 9, 1996

                   UPON REHEARING EN BANC

        FROM THE CIRCUIT COURT OF NEW KENT COUNTY
              Samuel T. Powell, III, Judge

        Charles E. Adkins for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General, (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


        A panel of this Court in an unpublished memorandum opinion
reversed Robert Wayne Manning's conviction of driving a motor
vehicle after having been declared an habitual offender. Manning
v. Commonwealth, No. 0681-94-2 (Va. App., June 20, 1995). The
Court granted the Commonwealth's motion for an en banc review of
the appeal. Upon rehearing, we affirm Manning's conviction.

        Manning was declared to be an habitual offender on January
12, 1982. More than ten years after entry of that order, on
September 1, 1992, Manning was arrested after driving and he
subsequently pled guilty to driving a motor vehicle after having
been declared an habitual offender. However, within twenty-one
days of his conviction, Manning, claiming that the 1982 habitual
offender order was no longer in effect based upon this Court's

opinion in <u>Davis v. Commonwealth</u>, 12 Va. App. 246, 402 S.E.2d 711 (1991), moved the circuit court for a new trial. He contended that he had pled guilty to an offense which, as a matter of law, he could not have committed.

The trial court denied the motion for a new trial. Whether the trial court abused its discretion in denying the motion is controlled by Code § 19.2-296 and <u>Parris v. Commonwealth</u>, 189 Va. 321, 52 S.E.2d 872 (1949).

Code § 19.2-296 provides:
> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but <u>to correct manifest injustice</u>, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

(Emphasis added).

In <u>Parris</u>, the Supreme Court said:
> "As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea. The decision in each case must depend to a great extent on the particular attendant circumstances. Generally, however, it may be said that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that <u>the ends of justice</u> will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for

- 2 -

any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Parris, 189 Va. at 325, 52 S.E.2d at 874 (emphasis added) (quoting 14 Am. Jur. 2d. Criminal Law § 287).

Code § 46.2-357, formerly Code § 46.1-387.8, provides, in pertinent part, that "[i]t shall be unlawful for any person to operate any motor vehicle or self-propelled machinery or equipment on the highways of the Commonwealth while the order of the court prohibiting such operation remains in effect."

Manning's 1982 habitual offender order read in pertinent part:

> [Manning] be and is barred from operating a motor vehicle on the highways of the State of Virginia and that no license to operate a motor vehicle in the state [shall be] issued to [Manning] for a period of ten years (10) from the date of this order or until the privilege of Manning to operate a motor vehicle in this state has been restored by order of a court of record entered in proceedings held in accordance with the laws of this state.

The Davis decision was rendered a year before Manning was stopped and convicted, and Manning's counsel was aware of the decision. However, it was not until after Manning's plea that counsel concluded that the Davis decision might control Manning's case.

The habitual offender order in Davis' case read, in pertinent part:

> The Court doth ADJUDGE, ORDER, and DECREE that said Calvin Wendell Davis is such an "habitual offender" as is set forth in Section 46.1-387.2 of the Code of Virginia,

- 3 -

> 1950, as amended, and that his privilege to
> operate a motor vehicle in this state is
> revoked for a period of ten (10) years from
> the date of this order.

Davis, 12 Va. App. at 247 n.2, 402 S.E.2d at 712 n.2.

The order in Manning's case is materially different from the order in Davis' case. In Davis, the order specifically stated that it was in effect for only ten years. Id. at 249, 402 S.E.2d at 713. Unlike the order in Davis, Manning's order is not so limited. It states that Manning is barred from operating a motor vehicle on the highways of the State of Virginia. The order sets no limit on the prohibition against driving. The order permits issuance of a license to Manning after ten years, but does not automatically restore his privilege to drive after that period.

At the time he was stopped, Manning had no license to operate a motor vehicle, and no court had restored his privilege to drive. Thus, under the terms of the order, the prohibition on driving was still in effect.

Furthermore, unlike in Davis, the language in Manning's order did not conflict with the provisions of Code §§ 46.2-355 and 46.2-356 so as to deceive Manning about whether he remained under the driving prohibition. Indeed, Manning thought he was an habitual offender when he was stopped and when he pled guilty. His counsel was aware of the Davis case at the time Manning pled guilty, but did not believe it provided a defense for Manning. We agree with counsel's assessment of the facts and the law at the time of Manning's guilty plea. Manning was an habitual

- 4 -

offender whose order declaring him so was still in effect.  Thus, the record does not show that the plea of guilty was entered by mistake, under a misconception, was involuntary for any reason, or even was entered inadvisably.  Parris, 189 Va. at 325, 52 S.E.2d at 874.

Accordingly, because granting the motion to withdraw would not have corrected a manifest injustice, we hold that the trial judge did not abuse his discretion in refusing Manning's motion to withdraw his plea.

Affirmed.