COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Elder
Argued at Richmond, Virginia


WINFRED EARL WILLIAMS, JR.
                                        MEMORANDUM OPINION* BY
v.        Record No. 0222-95-3           JUDGE LARRY G. ELDER
                                             JUNE 25, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge

          Vanessa E. Hicks, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Marla Graff Decker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Winfred Earl Williams, Jr. (appellant) appeals his

conviction for operating a motor vehicle after having been

declared an habitual offender in violation of Code § 46.2-357.

Appellant, contending that the evidence was insufficient to prove

the charge, argues that:  (1) the February 7, 1984 order

declaring him an habitual offender was not effective on July 17,

1994, because the order failed to include a provision regarding

restoration of his driving privilege after ten years; and (2) a

moped is not a "motor vehicle" within the meaning of Code

§ 46.2-357.  Because we agree with appellant's second contention,

we reverse and dismiss his conviction.

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

FACTS

On February 7, 1984, the Circuit Court for the City of Lynchburg declared appellant to be an habitual offender defined by Code § 46.1-387.2 (codified as amended at Code § 46.2-351). The trial court's order directed that "the defendant shall not operate a motor vehicle on or upon the highways of the Commonwealth of Virginia, and that the said defendant shall surrender to the Court all licenses or permits to operate motor vehicles . . . for the disposal in the manner provided by statute."  (Emphasis added).  The order did not mention the time period under which it revoked appellant's driving privilege. Neither did the order contain a provision incorporating the requirement of Code § 46.1-387.9 (now Code § 46.2-358) that the revocation would remain effective until a court order restored the privilege.

Appellant never petitioned the trial court to have his driving privilege restored.  On July 17, 1994, while operating a moped in the City of Lynchburg, appellant struck a parked vehicle.

On December 9, 1994, appellant was tried at a bench trial on the charge of operating a "motor vehicle" after being adjudicated an habitual offender.  Appellant did not present any evidence but made a motion to strike the Commonwealth's evidence, arguing that the order adjudicating him an habitual offender had expired

before July 17, 1994.  The trial court overruled appellant's motion and found him guilty as charged.

On January 20, 1995, the trial court vacated its finding, re-opened the case, and allowed appellant to present evidence. Appellant testified that he checked with a police officer at the Lynchburg City Police Department and was informed that he could legally operate a moped even if he were an habitual offender. Appellant also testified that he believed that he could get his license reinstated anytime after February 7, 1994 but had lacked the funds with which to do so.

After appellant presented evidence, he again moved to strike the Commonwealth's evidence.  Appellant asserted (1) that the 1984 order expired after ten years and failed to state that the revocation would remain in effect until a court restored his driving privilege, and (2) he operated a moped after being informed that he could legally do so.  The trial court overruled the motion and found appellant guilty.  Appellant now appeals to this Court.

## II.

## ORDER STILL IN EFFECT

First, we hold that the trial court's February 7, 1984 order was still in effect on July 17, 1994, when appellant operated his moped on the public highways of Lynchburg.  Code § 46.1-387.8 (codified as amended at Code § 46.2-357) stated, "[i]t shall be unlawful for any person to drive any motor vehicle or

self-propelled machinery or equipment on the highways of the Commonwealth while the order of the court prohibiting such operation remains in effect." (Emphasis added). The trial court's 1984 order did not provide a date after which appellant's driving privilege was restored. Nothing in the record reveals, nor does appellant contend, that any court order superseded the trial court's 1984 order declaring appellant to be an habitual offender and revoking his driving privilege. Therefore, the prohibition on driving was still in effect on July 17, 1994. See Manning v. Commonwealth, 22 Va. App. 252, 256, 468 S.E.2d 705, 707 (1996) (en banc). The trial court did not err in refusing to grant appellant's motion to strike based on this argument.

### III.

### STATUS OF THE MOPED AS A "MOTOR VEHICLE"

We will assume arguendo that appellant failed to alert the trial court to the precise issue of whether a moped is a motor vehicle, and thus did not satisfy the requirement of Rule 5A:18. See Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992). However, because appellant was convicted of a crime that he did not commit (operating a "motor vehicle"), we invoke 5A:18's "ends of justice" exception to consider the merits of the issue. See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

The trial court's 1984 order directed that "the defendant shall not operate a motor vehicle on or upon the highways of the

Commonwealth of Virginia . . . ." (Emphasis added). In 1994, appellant was indicted for and found guilty of "unlawfully, feloniously and after having been adjudicated an habitual offender" operating "a <u>motor vehicle</u> upon the highways of Virginia while said order was in full force and effect." (Emphasis added).

Appellant's operation of a moped on July 17, 1994 did not qualify as the operation of a "motor vehicle." Both statutory and case law provide that a moped is <u>not</u> a motor vehicle for purposes of Title 46.1 (now Title 46.2). Code § 46.1-1(15)(now Code § 46.2-100) stated that "[f]or the purposes of this chapter, any device herein defined as a bicycle or a <u>moped</u> shall be deemed not to be a motor vehicle." (Emphasis added). In <u>Diggs v. Commonwealth</u>, 6 Va. App. 300, 301, 369 S.E.2d 199, 200 (1988)(<u>en banc</u>), this Court recognized that a "moped is expressly excluded from the definition of a motor vehicle." While we held in <u>Diggs</u> that a moped is considered to be "self-propelled machinery or equipment," <u>id.</u>, appellant's habitual offender order did not forbid him to operate "self propelled machinery or equipment" nor was he indicted or convicted for that offense.

Accordingly, we reverse and dismiss appellant's conviction.

<u>Reversed and dismissed.</u>