COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


HARRY EMELL DEAN

                                          MEMORANDUM OPINION[*] BY
v.   Record No. 3074-97-3      JUDGE RUDOLPH BUMGARDNER, III
                                            DECEMBER 29, 1998

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Jonathan M. Apgar, Judge

Anna M. Bagwell (Office of the Public
Defender, on brief), for appellant.

Richard B. Campbell, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Harry Emell Dean appeals his conviction of driving after being declared an habitual offender. He argues that the trial court erred when it ruled that the order declaring him an habitual offender was in effect when he drove. Finding that the trial court correctly interpreted the order, we affirm the conviction.

On February 3, 1997, Roanoke city police stopped the defendant for a traffic infraction and arrested him after determining that he was an habitual offender. A circuit court had declared the defendant an habitual offender on July 7, 1983. The order stated that the defendant was not to drive "for a period of ten (10) years from this date <u>and</u> the privilege of the

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

defendant to operate a motor vehicle in this State has been restored by an order of a Court of record as provided by statute." (Emphasis added.) The Commonwealth introduced the order at trial.

The defendant argues the order revoked his privilege to drive for ten years but is not clear that the revocation stayed in effect after that period. He contends the language is ambiguous, but he concedes that the order would be clear had the word "until" appeared after "and" before "the privilege." We disagree that the lack of the word "until" renders the order unclear.

In 1983, the code provided that the defendant remained an habitual offender for ten years and until the privilege to operate had been restored. See Code § 46.1-387.7 (now Code § 46.2-357). In Davis v. Commonwealth, 12 Va. App. 246, 249, 402 S.E.2d 711, 713 (1991), the order revoked the license to drive for ten years. It contained no provision that the revocation continued until a court restored the privilege. This Court held that Davis's privilege to drive had been restored once the period of years had passed. The present case is not analogous.

The order in this case states that Dean is not permitted to drive for ten years. However, it continues "and the privilege of the defendant . . . has been restored by an order of a Court of record . . . ." Unlike Davis, the coordinate conjunction "and" links the clause revoking for ten years to a second clause.

"And" is "a conjunction connecting words or phrases expressing the idea that the latter is to be added to or taken along with the first."  Black's Law Dictionary 86 (6th ed. 1990).  Both conditions stated in the order must be met; ten years must pass, and a court must restore the defendant's privilege to drive.

Finding that the order gave the defendant notice that his license was suspended for ten years and until restored by a court of record, we affirm his conviction.

Affirmed.