COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia

JOHN JAMES VARGA

MEMORANDUM OPINION[*] BY

v.    Record No. 1490-98-4       JUDGE ROSEMARIE ANNUNZIATA
                                 OCTOBER 19, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
F. Bruce Bach, Judge

Kimberly J. Phillips (Office of the Public
Defender, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on
brief), for appellee.


Following a bench trial, John James Varga ("appellant") was convicted under Code § 46.2-357 of operating a motor vehicle after having been adjudicated an habitual offender.  On appeal, he contends the trial court committed reversible error by denying his motion to quash the indictment and his motion to strike.  We disagree and affirm his conviction.

I.

FACTUAL BACKGROUND

The facts are not in dispute.  By order of December 13, 1984, the Circuit Court of Fairfax County declared appellant an habitual offender.  The order provided in pertinent part:

---

[*] Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

> [T]he said Habitual Offender as defined in
> § 46.1-387.2 of the Code of Virginia, . . .
> is hereby declared to be a Habitual Offender
> and this his/her privilege to operate a motor
> vehicle in the Commonwealth of Virginia, BE
> and is HEREBY REVOKED.

Over thirteen years later, on January 3, 1998, Officer M.R. Anderson of the Fairfax County Police Department observed appellant's vehicle drifting outside its lane on Route 1 in Fairfax County. After making a traffic stop, Officer Anderson arrested appellant for driving while intoxicated. Appellant had not taken any steps to have his privilege to drive a motor vehicle restored.

A grand jury subsequently indicted appellant for driving while intoxicated and for driving after having been adjudicated an habitual offender. Before trial, appellant moved to quash the latter charge, contending the circuit court's December, 1984 order was no longer effective as it was more than ten years old and did not state that he would remain an habitual offender until his privileges were restored by the court. The trial court denied appellant's motion.

At trial, the Commonwealth introduced the December, 1984 order.[1] At the close of the Commonwealth's case, appellant moved to strike the evidence, renewing his arguments as to the

---

[1] The Commonwealth also introduced orders showing that appellant had been convicted on three occasions since 1984 for driving after having been adjudicated an habitual offender.

ineffectiveness of the December, 1984 order.  The trial court

denied appellant's motion and convicted appellant under Code

§ 46.2-357 of driving after having been declared an habitual

offender.

II.

ANALYSIS

The disposition of this case turns on principles established

by previous decisions of this Court.  Code § 46.2-357, the statute

under which appellant was convicted, provides that "[i]t shall be

unlawful for any person to drive any motor vehicle or

self-propelled machinery or equipment on the highways of the

Commonwealth while the revocation of the person's driving

privilege remains in effect."  In 1984, the circuit court revoked

appellant's privilege to operate a motor vehicle pursuant to the

authority of Code § 46.1-387.6, which provided that:

> [i]f the court finds that the person is . . .
> an habitual offender, the court shall . . .
> by appropriate order direct such person not
> to operate a motor vehicle on the highways of
> the Commonwealth of Virginia and to surrender
> to the court all licenses or permits to
> operate a motor vehicle on the highways of
> this State for disposal in the manner
> provided in § 46.1-125.

Code § 46.1-387.6 (Supp. 1968).[2]

---

[2] The statute under which appellant was prosecuted was re-codified in substantially the same form at Code § 46.2-355. This statute was repealed in 1999.

Appellant contends that this order establishing his status as an habitual offender and declaring his operator's license revoked became ineffective with the passage of ten years, citing in support Code § 46.2-356. Reliance on Code § 46.2-356 for the proposition stated is misplaced. That code section, entitled "Period during which habitual offender not to be licensed to drive motor vehicle," does not address the effectiveness of the court's order; it simply prohibits the issuance of a driver's license to an habitual offender:

> (i) For a period of ten years from the date of any final order of a court entered under [the habitual offender statutes] . . . and (ii) until the privilege of the person to drive a motor vehicle in the Commonwealth has been restored by an order of a court entered in a proceeding as provided in this article.

This statute defines the period during which an habitual offender may not be issued a license and has no bearing on the court's precedent finding, memorialized in its final order, viz., that appellant was an habitual offender and that his operator's license was revoked.

As we noted in Davis v. Commonwealth, 12 Va. App. 246, 248, 402 S.E.2d 711, 712 (1991), Code § 46.2-356 is unrelated to the definition of the elements of the crime. We observed further in Anderson v. Commonwealth, 25 Va. App. 26, 32, 486 S.E.2d 115, 117 (1997), that Code § 46.2-356 directs the Department of Motor Vehicles in the issuance of driver's licenses to individuals found

- 4 -

to be habitual offenders; it does not serve as a jurisdictional limitation on the circuit courts, as the appellant there contended.  Also, in Long v. Commonwealth, 23 Va. App. 537, 545, 478 S.E.2d 324, 327 (1996), we held, on facts substantially similar to those presented here, that "under the terms of the order, which were not limited as to time frame, the prohibition against driving was in effect when appellant was stopped."

Based upon the foregoing reasons, we find no error in the circuit court's ruling that the December, 1984 order was effective at the time of the present offense.  By its terms, the order's prohibition against driving remained in effect when appellant was stopped.  Compare Anderson, 25 Va. App. at 32, 486 S.E.2d at 117; Long, 23 Va. App. at 544-45, 478 S.E.2d at 327-28.  Furthermore, we note that the order's prohibition was not modified by any petition for restoration of appellant's privilege to drive pursuant to Code § 46.2-358.

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.