## CIRCUIT COURT OF FAIRFAX COUNTY

Matt Junior Stewart

v.

Virginia Department
of Motor Vehicles

January 11, 2002

Case No. (Law) 200272

BY JUDGE R. TERRENCE NEY

This matter came before the Court on December 28, 2001, on Plaintiff's Motion for Review of License Suspension.

Mr. Stewart was convicted of Driving While Intoxicated as a third or subsequent offense on February 15, 1990, and again on December 3, 1990, in the Fairfax County General District Court.[1] Mr. Stewart's DMV Transcript and Prior History Report[2] reflects that his privilege to drive in Virginia has been suspended as a result of the two 1990 convictions until "ordered by Court." The Department of Motor Vehicles ("DMV") determined that Mr. Stewart was an habitual offender on June 20, 1996.

Mr. Stewart argues that the Commissioner's revocations of his privilege to drive in Virginia until "ordered by court" conflict with the orders of Fairfax County General District Court dated February 15, 1990, and December 3, 1990, both of which enumerate only that his privilege to drive was suspended

---

[1] The Court file contains a copy of only the February 15, 1990, conviction.
[2] The DMV Transcript and Prior History Report is dated October 6, 2001.

for a period of ten years. Neither order states[3] that Mr. Stewart's privilege to drive is revoked until further order of the court. Mr. Stewart seeks a modification of the DMV records.

Mr. Stewart filed his petition for review under newly enacted Code provision § 46.2-410.1. Notwithstanding the provisions of § 46.2-410, when the Commissioner orders a revocation or suspension of a person's driver's license under the provisions of this chapter, unless such revocation or suspension is required under § 46.2-390.1, the person so aggrieved may, in cases of manifest injustice, within sixty days of receipt of notice of the suspension or revocation, petition the circuit court of the jurisdiction wherein he resides for a hearing to review the Commissioner's order. Manifest injustice is defined as those instances where the Commissioner's order was the result of an error or was issued without authority or jurisdiction or actually conflicts with a final order of a court in the Commonwealth. Va. Code § 46.2-410.1 (2001).

Under this provision, an aggrieved person may petition the circuit court of the jurisdiction in which he resides to review a determination by the Commissioner of the DMV if the determination results in manifest injustice upon the person. Va. Code § 46.2-410.1 (2001). Manifest injustice includes a determination by DMV that "actually conflicts" with a final order of a court in the Commonwealth. Va. Code § 46.2-410.1 (2001). Mr. Stewart contends that such is the case here.

Mr. Stewart relies on *Davis v. Commonwealth*, 12 Va. App. 246, 402 S.E.2d 711 (1991), in support of his argument that the DMV report and the orders of the General District Court actually conflict. In *Davis*, the defendant was charged with driving after having been declared a habitual offender. The issue before the court was whether or not Davis could be convicted for driving on a revoked license when the court order only stated that Davis' privilege to drive was revoked for ten years, yet it did not indicate that the revocation would remain in effect until his privilege was later restored by the court. The Court of Appeals held that Davis could not be convicted of violating the order, because on its face it only prohibited Davis from driving for ten years and that period of time had elapsed when Davis was charged. Important to the case here, the Court of Appeals further stated that "[its] decision in no way alters the restoration requirements of the Habitual Offender Act, which Davis clearly did not follow." *Davis*, 12 Va. App. at 249, 402 S.E.2d at 713. As a result, any

---

[3] The Court assumes for the purposes of this opinion that the language of the December 3, 1990, conviction is the same as the language of the February 15, 1990, conviction.

DMV requirement that Davis petition the court for a reinstatement of his driving privilege was not at issue, and *Davis* does not apply to the facts of this case.

In this case, the Commissioner of the DMV indefinitely suspended Mr. Stewart's driving privileges under the then-current Virginia Code § 46.2-391. Therefore, the question is whether or not these revocations "actually conflict[s]" with the courts' orders that revoked Mr. Stewart's driving privileges for ten years because those orders were silent about the necessity for court ordered restoration. This Court holds that they do not.

The revocations by the DMV "until ordered by [the] court" are consistent with the requirements of the Virginia Code. Section 18.2-271 states that a person's privilege to drive in the Commonwealth is revoked indefinitely for a conviction of a third or subsequent offense under § 18.2-266.

> If a person is tried on a process alleging a third or subsequent offense of violating § 18.2-266 or subsection A of § 46.2-341.24 and convicted thereof, such person shall not be eligible for participation in a program pursuant to § 18.2-271.1 and shall have his license revoked as provided in subsection B of § 46.2-391. The court trying such case shall order the surrender of the driver's license of the person so convicted, to be disposed of in accordance with § 46.2-398 and shall notify such person that *his license has been revoked indefinitely.*

Va. Code § 18.2-271 (1990) (emphasis added). After a court convicts the offender, the DMV is required to revoke the person's license. Virginia Code § 46.2-391 in effect in 1990 read as follows:

> The Commissioner *shall forthwith revoke and not thereafter reissue* the driver's license of any person after receiving a record of the conviction of any person adjudged to be a third offender within a period of ten years in violation of the provisions of . . . § 18.2-266 pertaining to driving under the influence of drugs or intoxicants or after receiving a record of conviction as a third offender. . . . *At the expiration of ten years from the date of the revocation hereunder, the person may petition the circuit court in the county or city in which he resides and for good cause shown, his license may in the discretion of the court be restored on such conditions as the court may prescribe.*

Va. Code § 46.2-391(B) (effective January 1, 1990) (emphasis added).

The version of § 46.2-391 in effect at the time of the December 3, 1989, offense for which Mr. Stewart was convicted on February 15, 1990, reads:

The Commissioner *shall forthwith revoke and not thereafter reissue* the driver's license of any person after receiving a record of the conviction of any person adjudged to be a third offender within a period of ten years in violation of the provisions of § 18.2-266 pertaining to driving under the influence of drugs or intoxicants. . . . *At the expiration of ten years from the date of the revocation hereunder, the person may petition the circuit court in the county or city in which he resides and for good cause shown, his license may in the discretion of the court be restored on such conditions as the court may prescribe.*

Va. Code § 46.2-391 (effective until January 1, 1990) (emphasis added). Though differing slightly, insofar as the language of the pre and post January 1, 1990, versions of § 46.2-391 applies to this case, the two statutes are identical.

Reading these statutory provisions together, it is clear that in 1990 when a person was convicted of his third offense under § 18.2-266, his driving privilege was revoked pursuant to § 18.2-271 indefinitely upon his conviction. Additionally, the Commissioner of DMV revokes the person's driving privileges pursuant to § 46.2-391. After ten years, one may petition the court to reinstate driving privileges, which a court may order at its discretion. Here, the DMV will not restore Mr. Stewart's privilege to drive until ordered to do so by the court.

The DMV record and the court orders are not in conflict. They are entirely consistent given the governing Virginia Code sections in effect in 1990.

For these reasons, the Plaintiff's Motion to Modify his DMV report is denied.