COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


JUANITA DELORES MARSH

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1303-05-1             JUDGE LARRY G. ELDER
                                                      OCTOBER 31, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

William Roots, Jr. (Law Office of William Roots, Jr., on brief), for
appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Juanita Delores Marsh (appellant) appeals from her bench trial conviction for operating a

motor vehicle after having been declared a habitual offender. On appeal, she contends the

evidence was insufficient to prove she was a habitual offender at the time of the driving at issue.

We hold the evidence, including appellant's own statements, was sufficient, and we affirm.

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly

deducible therefrom. See, e.g., Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415,

418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as

a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. Id.

The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

from proven facts are matters solely for the fact finder's determination. <u>Long v. Commonwealth</u>, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Code § 46.2-357(A) provides that "It shall be unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle or self-propelled machinery or equipment on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." Thus, to sustain a conviction for violating Code § 46.2-357(A), "the Commonwealth has the burden to show beyond a reasonable doubt[, *inter alia*,] that the defendant drove a motor vehicle 'while the revocation of the [defendant's] driving privilege remain[ed] in effect.'" <u>Rose v. Commonwealth</u>, 265 Va. 430, 434, 578 S.E.2d 758, 760 (2003) (quoting Code § 46.2-357(A)).

In appellant's case, it is undisputed she was driving on the night at issue. The only element of the offense appellant challenges in this appeal is the sufficiency of the Commonwealth's evidence to prove the act of driving occurred "while the revocation of the [defendant's] driving privilege remain[ed] in effect."

Appellant argues on appeal that either her driving transcript from the Department of Motor Vehicles (DMV) or the order adjudicating her a habitual offender was "essential" to proving the charged offense and that, because neither of these items was admitted into evidence, the Commonwealth's case must fail. The statute, however, does not specify any particular way in which the Commonwealth must prove the act of driving occurred "while the revocation of the [defendant's] driving privilege remain[ed] in effect." <u>See</u> Code § 46.2-357. Thus, this element of the offense, like any element of a crime, may be proved by circumstantial evidence, as long as the evidence as a whole is sufficiently convincing to exclude all reasonable hypotheses of innocence. <u>Coleman v. Commonwealth</u>, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the

evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact. Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

Here, when Officer Patterson asked appellant for her license on the night of the offense, appellant stated that "she didn't have an operator's license" and that "she was suspended." She also said, *in the present tense*, "I'm an habitual." Although appellant may not be convicted based solely on her statements, see, e.g., Phillips v. Commonwealth, 202 Va. 207, 211, 116 S.E.2d 282, 284-85 (1960), we hold appellant's statements here were sufficiently corroborated to permit the finder of fact to conclude she was guilty of the charged offense. Where the commission of the crime has been fully confessed by the accused, "only *slight* corroboration . . . is required to establish the *corpus delicti*." Jackson v. Commonwealth, 255 Va. 625, 646, 499 S.E.2d 538, 551 (1998) (first emphasis added) (also noting "corroborating evidence [was] more consistent with the commission of the offense than . . . with its non-commission"). Further, "corroborative facts supporting the *corpus delicti* may be furnished by circumstantial evidence as readily as by direct evidence." Watkins v. Commonwealth, 238 Va. 341, 348, 385 S.E.2d 50, 55 (1989).

In Jefferson v. Commonwealth, 6 Va. App. 421, 423-24, 369 S.E.2d 212, 214 (1988), we applied these principles to a conviction for arson, which required proof that a burning occurred; that the burning was the result of arson; and that the defendant was the criminal agent. Although certain factual details of appellant's confession were corroborated, including his stated motive for the crime, the only *element* of the crime that was corroborated was the fact that the house the defendant confessed to burning had been "totally destroyed by fire." Id. at 423-25, 369 S.E.2d at

213-15. The defendant described how he started the fire, but we made no mention of any evidence that corroborated his statement that the fire was of incendiary origin. Id.

In appellant's case, the evidence corroborating her confession to the disputed portion of the *corpus delicti*--whether her act of driving occurred while she was a habitual offender whose driving privileges had been revoked--was stronger than in Jefferson. Appellant stated both that her license was suspended and that she was, at the time of the stop, a habitual offender. Corroborating her statement was Officer Patterson's testimony, the admission of which was not objected to by appellant. Patterson testified his computer records check indicated that, as of the night of the stop, appellant had four previous convictions for driving after having been declared a habitual offender. Also corroborating appellant's statement was a record of conviction offered into evidence by the Commonwealth, which indicated appellant had been convicted for driving after having been declared a habitual offender for an act of driving that occurred on December 2, 2001, less than fifteen months prior to the act of driving supporting the conviction at issue in this appeal. This evidence provided the necessary corroboration for appellant's confession that, as of February 22, 2003, she remained a habitual offender whose license was suspended.

Appellant contends that, absent introduction of the order adjudicating her a habitual offender, "the possibility [exists] that the order does not contain essential language causing [her] license to be revoked until restored" and, thus, that her license may "merely [have been] suspended upon the expiration of the ten year period allowed by the former [Code] § 46.2-351." She relies on Manning v. Commonwealth, 22 Va. App. 252, 468 S.E.2d 705 (1996) (en banc), for this proposition. Neither Manning nor any statute compels the result appellant seeks.

Manning involved Code § 46.2-356, which provides as follows:

> No license to drive motor vehicles in Virginia shall be issued to any person determined or adjudicated an habitual offender (i) for a period of ten years from the date of any final order of a court entered under this article or if no such order was entered then the

> notice of the determination by the Commissioner finding the person to be an habitual offender *and* (ii) until the privilege of the person to drive a motor vehicle in the Commonwealth has been restored by an order of a court entered in a proceeding as provided in this article.

(Emphasis added). Since the enactment of the Habitual Offender Act in 1968, it has contained a provision substantially similar to the portion of Code § 46.2-356 prohibiting the restoration of a habitual offender's license "until the privilege of [the] person to operate a motor vehicle in this State has been restored by an order of a court of record entered in a proceeding [as] provided in [the Act]." 1968 Va. Acts, ch. 476 (codified at former § 46.1-387.7).

In <u>Manning</u>, we held the order declaring the defendant a habitual offender tracked the language of Code § 46.2-356, permitting issuance of a license to the defendant after ten years but not "automatically restor[ing] his privilege to drive after that period." <u>Manning</u>, 22 Va. App. at 256, 468 S.E.2d at 707. We affirmed Manning's conviction for an act of driving that occurred more than ten years after entry of the order declaring him a habitual offender because, at the time of his driving, Manning "had no license to operate a motor vehicle, and no court had restored his privilege to drive." <u>Id.</u>

We distinguished the facts in <u>Manning</u> from those in <u>Davis v. Commonwealth</u>, 12 Va. App. 246, 402 S.E.2d 711 (1991), in which we reversed the defendant's conviction. In <u>Davis</u>, the order declaring Davis a habitual offender provided merely that Davis's "privilege to operate a motor vehicle . . . is revoked for a period of ten (10) years from the date of this order." <u>Id.</u> at 247 n.2, 402 S.E.2d at 712 n.2. Although the provisions of Code § 46.2-356 stated that the revocation would remain effective "until the privilege of the person to drive a motor vehicle . . . has been restored by an order of a court entered in a proceeding as provided in this article," the order actually entered by the court in Davis's case contained no such provision. 12 Va. App. at 249, 402 S.E.2d at 713. We reversed Davis's conviction on the ground that the court was

required to "[g]iv[e] full force and effect to the order as it reads" and that "[h]ad the order provided," as required by the Habitual Offender Act, "that the revocation would remain in force until the privilege was restored, the conviction would stand." Id.

In both Manning and Davis, the order declaring the defendant a habitual offender was introduced into evidence. Neither Manning nor Davis speaks directly to appellant's claim that, *absent* introduction of the order adjudicating her a habitual offender, "the possibility [exists] that the order does not contain essential language causing [her] license to be revoked until restored" and, thus, that her license may "merely [have been] suspended upon the expiration of the ten year period." We hold such a "possibility" is not a reasonable hypothesis of innocence flowing from the evidence admitted in appellant's case. That evidence, viewed in the light most favorable to the Commonwealth, shows appellant told Officer Patterson during the stop both that her license was suspended and that she was, at the time of the stop, a habitual offender. The Commonwealth was not required to "affirmatively establish, as an element of the offense, that [appellant's] license had not been restored," Sears v. Commonwealth, 29 Va. App. 158, 161-62, 510 S.E.2d 274, 275-76 (1999), either by entry of an additional court order after the expiration of ten years as permitted by Code § 46.2-356[1] or "automatically" under the terms of the original order upon the expiration of ten years, as occurred in Davis. Thus, we hold the trial court was entitled to presume, in the absence of evidence to the contrary, that any language in the order restricting appellant's privilege to drive in the Commonwealth complied with the requirements of Code § 46.2-356. See Thompson v. Commonwealth, 27 Va. App. 620, 623-25, 500 S.E.2d 823,

---

[1] The Commonwealth also was not required to prove appellant's license had not been restored pursuant to the provisions of Code §§ 46.2-358, -359, -360, or -361, or any similar predecessor provisions. Although each of these statutes permits restoration of a habitual offender's license after a period of time if certain conditions are met, each requires the habitual offender to file a petition requesting restoration; restoration does not occur automatically merely upon the passage of time.

824-25 (1998) (holding court considering charge for driving after having been declared a habitual offender could not hold original habitual offender adjudication void simply because appellant claimed he had been an alcoholic and should have been represented by a guardian *ad litem* because, "[a]s a general principle, when a prior order of a court with jurisdiction to hear a matter is collaterally attacked, 'the Commonwealth is entitled to a presumption of regularity which attends the prior [judgment] because "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears"'" (quoting <u>Nicely v. Commonwealth</u>, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (quoting <u>Parke v. Raley</u>, 506 U.S. 20, 30, 113 S. Ct. 517, 523-24, 121 L. Ed. 2d 391 (1992)) (other citation omitted))); <u>see also</u> <u>Varga v. Commonwealth</u>, 260 Va. 547, 552, 536 S.E.2d 711, 714 (2000) ("[I]n the absence of express language limiting the duration of the effect of the order declaring a person an habitual offender, the order remains in force until that person actually has his privilege to drive restored.").

The holding in <u>Rose</u>, 265 Va. 430, 578 S.E.2d 758, also does not compel a contrary result. <u>Rose</u> also involved an attempt by the Commonwealth to prove a defendant guilty of driving after having been declared a habitual offender without introducing a DMV transcript. <u>Id.</u> at 434, 578 S.E.2d at 760. The Commonwealth relied, instead, upon the court order that adjudicated the defendant a habitual offender. <u>Id.</u> at 435, 578 S.E.2d at 761. That form order contained a check mark beside the box indicating the trial court found Rose a habitual offender; however, it did not contain a check mark beside the box "revoking Rose's driver's license and ordering him 'not to operate a motor vehicle on the highways of the Commonwealth.'" <u>Id.</u> at 433, 578 S.E.2d at 759. The Commonwealth also offered a conviction order entered about three months before the offense at issue; that order indicated Rose had been convicted for driving as a

habitual offender in a proceeding in which he had been represented by counsel and had pleaded guilty to the charged offense.  Id.

The Court in Rose held the order upon which the Commonwealth relied was "an 'incomplete' order [in that it] adjudicate[d] [the defendant] as an habitual offender" but "'erroneously' fail[ed] to impose the required prohibition against [his] operating a motor vehicle."  Id. at 435, 578 S.E.2d at 761.  Based on the failure of the order to do what was required by the statute, the Court held the Commonwealth failed to meet its burden of proving "the defendant drove a motor vehicle 'while the revocation of the [defendant's] driving privilege remain[ed] in effect.'"  Id. at 436, 578 S.E.2d at 761.  In this context, the Court also held that "Rose's prior guilty plea did not establish [his status as a habitual offender whose driving privilege had been revoked] because[, as the order offered into evidence by the Commonwealth proved, in fact] . . . his driving privilege ha[d] never been revoked."  Id.  The Court held that, given the presence of the deficiencies in the original order, the defendant's plea of guilty to the prior driving charge proved, at most, "that [the defendant] *believed* . . . his privilege to operate a motor vehicle had been revoked," which was not sufficient to support his conviction.  Id. (emphasis added).  Thus, in Rose, the Commonwealth was not entitled to the presumption of regularity that accompanies orders subject to collateral attack because the original habitual offender order was introduced by the Commonwealth and was deficient on its face.

In appellant's case, in contrast to Rose, the Commonwealth did not rely on a faulty order to establish that appellant was a habitual offender who drove a motor vehicle while the revocation of her driving privilege remained in effect.  The Commonwealth relied, instead, on appellant's statement that she was presently a habitual offender and that her license was suspended.  As corroboration, it also relied on a prior order, entered on a plea of guilty, convicting appellant for the same offense, based on an act of driving that had occurred about

fifteen months prior to the act of driving on which the present offense was based, and on Officer Patterson's testimony that his records check revealed appellant had four such prior convictions. Because nothing in the record indicated the original habitual offender order was deficient, the Commonwealth was entitled to the presumption that the original order did as the statute required.

For these reasons, we hold the evidence, including appellant's own statement, was sufficient to prove she was a habitual offender at the time of the driving at issue, and we affirm.

<u>Affirmed.</u>