COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Petty and McCullough
Argued at Alexandria, Virginia

ROBERT HERMAN HODGES, JR.

                              MEMORANDUM OPINION[*] BY
v.      Record No. 1866-12-4      CHIEF JUDGE WALTER S. FELTON, JR.
                                    FEBRUARY 18, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Clifford L. Athey, Jr., Judge

Timothy S. Coyne, Public Defender (Office of the Public Defender,
on briefs), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Robert Herman Hodges, Jr. (appellant) was convicted by the Circuit Court of Frederick

County (trial court) for operating a motor vehicle after having been declared an habitual offender,

second or subsequent offense, in violation of Code § 46.2-357.[1]  On appeal, appellant asserts that

the trial court erred in finding that the order declaring him to be an habitual offender was legally

sufficient proof that he violated the provisions of Code § 46.2-357.  Specifically, appellant asserts

that his habitual offender status ended on September 22, 2005, five and a half years prior to his

arrest in this case.  For the following reasons, we affirm appellant's conviction.

UNPUBLISHED

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The sentencing order also sentenced the appellant for his convictions for failure to
appear and escape.  These convictions are not before the Court on appeal.

## I. BACKGROUND

On March 4, 2011, at approximately 6:26 p.m., Frederick County Sheriff's Deputy Don Garcia observed appellant in the driver's seat of a disabled vehicle. The vehicle was sitting in the middle of a road in Frederick County. Appellant was attempting to start the vehicle. Appellant told Deputy Garcia that the vehicle had a bad fuel pump. He also told Deputy Garcia that he was on his way home from school. He was unable to produce a driver's license, but produced a "New York State Identification Card, or a learner's permit." Deputy Garcia gave appellant's information to a dispatcher and learned that appellant was an habitual offender.

At trial, an order previously entered by the trial court on September 22, 1995, declaring appellant an habitual offender, was admitted into evidence. That order stated, in part: "WHEREUPON, the [c]ourt declares the Defendant to be an Habitual Offender and ORDERS that the Defendant not operate a motor vehicle on the highways of the Commonwealth of Virginia for a period of ten (10) years." The order also directed appellant to surrender all driver's licenses and permits and instructed the court clerk to file a copy of the order declaring appellant to be an habitual offender with the Department of Motor Vehicles.

The order specifically provided:

> WHEREUPON, the [c]ourt further ORDERS that no license to operate a motor vehicle in the Commonwealth of Virginia shall be issued to the Defendant for a period of ten (10) years from the date of this Order finding him to be an Habitual Offender *and that no license to operate a motor vehicle in the State of Virginia shall be issued to this Defendant hereafter until the privilege of such person to operate a motor vehicle in this State has been restored as provided by law*.

(Emphasis added).

Considering the evidence presented, the trial court denied appellant's motion to strike the Commonwealth's evidence. Appellant thereafter renewed his motion to strike the Commonwealth's evidence which was also denied. The trial court then found appellant guilty of

operating a motor vehicle after having been declared an habitual offender, second or subsequent offense. The trial court sentenced appellant to five years in the state penitentiary with four years suspended. This appeal followed.

## II. ANALYSIS

On appeal, appellant asserts that the trial court incorrectly interpreted its September 22, 1995 order declaring appellant to be an habitual offender.

> [C]ircuit courts have the authority to interpret their own orders. However, a circuit court's authority to interpret its order is subject to judicial review and even though this Court accords deference to the circuit court's interpretation, that interpretation must be reasonable. We apply an abuse of discretion standard in determining whether the circuit court's interpretation of its order is reasonable.

Roe v. Commonwealth, 271 Va. 453, 457-58, 628 S.E.2d 526, 528 (2006) (citations omitted).

In Davis v. Commonwealth, 12 Va. App. 246, 402 S.E.2d 711 (1991), the order declaring Davis an habitual offender provided that Davis's "privilege to operate a motor vehicle . . . is revoked for a period of ten (10) years from the date of this order." 12 Va. App. at 247 n.2, 402 S.E.2d at 712 n.2. Because Davis's habitual offender order did not contain a provision that the "revocation would remain in force until the privilege" to drive a motor vehicle was restored by an order of a court, the Court reversed Davis's conviction. Id. at 249, 402 S.E.2d at 713. The Court noted that the circuit court was required to give "full force and effect to the order as it reads" and that "[h]ad the order provided that the revocation would remain in force until the privilege was restored, the conviction would stand." Id.

Here, the September 22, 1995 order provided that appellant was not permitted to drive for a period of ten years. However, it also stated that no license to operate a motor vehicle "shall be issued . . . until the privilege of such person to operate a motor vehicle in this State has been restored as provided by law," and it informed appellant of the consequences of operating a motor vehicle

- 3 -

during the ten-year period "*and* until his driving privileges are thereafter restored." (Emphasis added). Unlike the order in <u>Davis</u>, which did not contain a provision that the order was effective until the privilege to operate a motor vehicle had been restored by an order of a court, there was such a provision in the order declaring appellant an habitual offender.

"[I]n the absence of express language limiting the duration of the effect of the order declaring a person an habitual offender, the order remains in force until that person actually has his privilege to drive restored." <u>Varga v. Commonwealth</u>, 260 Va. 547, 552, 536 S.E.2d 711, 714 (2000). Here, like the order in <u>Varga</u>, there was no language limiting the duration of appellant's habitual offender status. The express language of the September 22, 1995 order restricted appellant from obtaining an operator's license for ten years and until his privilege to operate a motor vehicle had been restored. There is no evidence in the record that appellant ever petitioned to have his privilege to drive restored as required by Code § 46.2-356 (proscribing the period during which habitual offender not to be licensed to drive motor vehicle). The 1995 order declaring appellant to be an habitual offender remained in full force and effect. Accordingly, we hold that the trial court did not err in finding the evidence was sufficient to convict appellant of operating a motor vehicle after having been declared an habitual offender, second or subsequent offense, in violation of Code § 46.2-357.

### III.  CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>