COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia


MICHAEL ALAN SEARS
                                        OPINION BY
v.        Record No. 0653-98-1     JUDGE RICHARD S. BRAY
                                     FEBRUARY 9, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge

          Thomas L. Watkins, Deputy Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Richard B. Smith, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.



     Michael Alan Sears (defendant) was convicted of driving a

motor vehicle after having been declared an habitual offender, a

"second or subsequent offense," in violation of Code

§ 46.2-357(B)(3).  Defendant argues on appeal that the evidence

was insufficient to prove he was an habitual offender at the time

of the alleged crime.  Finding no error, we affirm the

conviction.

     Under familiar principles of appellate review, we construe

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

_____
     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it.  See id.; Code § 8.01-680.

On August 31, 1996, Virginia Beach Police Officer Craig R. Schneider, while on routine patrol, observed a "vehicle . . . cross[] the center line [of the roadway] . . . and hit the center divider."  Schneider activated his emergency lights and siren, and "tried to pull the vehicle over."  However, the driver, later identified as defendant, "refused to stop," and continued for a distance of a "mile, mile and a half" before parking in the "front yard" of a residence.  Defendant then alighted from the vehicle and "tried to run," but was "tackled" and apprehended by Schneider.

Defendant was unable to produce an operator's license, and the ensuing police investigation disclosed that he had been adjudicated an habitual offender by the Newport News Circuit Court on November 29, 1984.  The attendant order directed that defendant "not operate a motor vehicle . . . for a period of ten (10) years from [such] date . . . and until [defendant's] privilege . . . to operate a motor vehicle in this State has been restored by Order of a Court of Record."  (Emphasis added).  The evidence further revealed that defendant had four subsequent convictions of operating a vehicle in violation of the revocation order:  December 15, 1986, by the Newport News Circuit Court,

- 2 -

January 18, 1989, in the Virginia Beach Circuit Court, and November 12, 1991, and July 24, 1995, respectively, by the Norfolk Circuit Court.

In challenging the sufficiency of the Commonwealth's evidence, defendant relies upon Code § 46.2-356[1] to support his contention that the Commonwealth must affirmatively establish, as an element of the offense, that his license had not been restored. However, "[w]hile Code § 46.1-387.7 (now Code § 46.2-356) defines the period during which an habitual offender may not be issued a license, it has no bearing on the definition of the felony." Davis v. Commonwealth, 12 Va. App. 246, 248, 402 S.E.2d 711, 712 (1991) (footnote omitted). Defendant was indicted and convicted for a violation of Code § 46.2-357, which provides, in pertinent part, that "[i]t shall be unlawful for any person to drive any motor vehicle . . . while the revocation of

---

[1]   No license to drive motor vehicles in Virginia shall be issued to an habitual offender (i) for a period of ten years from the date of any final order of a court entered under this article or if no such order was entered then the notice of the determination by the Commissioner finding the person to be an habitual offender and (ii) until the privilege of the person to drive a motor vehicle in the Commonwealth has been restored by an order of a court entered in a proceeding as provided in this article.

Code § 46.2-356.

the person's driving privilege remains in effect," together with a penalty for a violation by such persons previously "found to be an habitual offender."  Code § 46.2-357.  Thus, the operative statute "defines the [offense] in terms of the court's order and prohibits the person who has been declared an habitual offender from driving while the order remains in effect."  12 Va. App. at 249, 402 S.E.2d at 712.

Here, the evidence clearly established that defendant had been adjudicated an habitual offender by order of the Newport News Circuit Court on November 29, 1984, and thereby expressly prohibited from operating a motor vehicle for ten years and until his privileges were "restored by order of a Court of Record."  Thus, the passage of the revocation period, without more, did "not automatically restore [defendant's] privilege to drive . . . ."  Manning v. Commonwealth, 22 Va. App. 252, 256, 468 S.E.2d 705, 707 (1996).  To the contrary, "under the terms of the order, the prohibition on driving [remained] in effect," pending proper restoration.  Id.

Nothing in the instant record suggests that "a Court of Record" had restored defendant's privileges or that he otherwise possessed a valid driver's license.  Under such circumstances, the Commonwealth's evidence established a prima facie case that defendant remained under the disability of the order, "casting upon [him] . . . the burden of going forward with evidence raising a reasonable doubt as to the illegality of his

[conduct]." <u>Mejia v. Commonwealth</u>, 23 Va. App. 173, 177-78, 474 S.E.2d 866, 868 (1996). <u>See</u> <u>Mayhew v. Commonwealth</u>, 20 Va. App. 484, 492, 458 S.E.2d 305, 309 (1995) (While "circumstances[] within the knowledge of the accused . . . may be raised as . . . defenses," they "are not negative elements of the offense [which] must be proven by the Commonwealth.").

Accordingly, we affirm the conviction.

<u>Affirmed.</u>