COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued by teleconference


ALLEN EDWARD WOOD

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1548-10-3                            JUDGE ROBERT P. FRANK
                                                             DECEMBER 6, 2011

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                            John T. Cook, Judge

        Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for appellant.

        Erin M. Kulpa, Assistant Attorney General (Kenneth T. Cuccinelli,
        II, Attorney General; Richard B. Smith, Special Assistant Attorney
        General, on brief), for appellee.


        Allen Edward Wood, appellant, was convicted, in a bench trial, of driving after having been

declared an habitual offender, second offense, in violation of Code § 46.2-357.  On appeal,

appellant challenges the sufficiency of the evidence, contending that the Commonwealth failed to

produce an habitual offender declaration showing that his status as an habitual offender remained in

full force and effect.  For the reasons stated, we affirm the trial court.

                                    BACKGROUND

        On October 20, 2009, Deputy B. Hubbard of the Campbell County Sheriff's Office

stopped appellant for speeding.  After asking appellant for his driver's license, appellant told

Hubbard that his license was suspended.  Upon further investigation, Hubbard charged appellant

with driving after being declared an habitual offender, second offense.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At trial, the Commonwealth introduced into evidence a transcript from the Department of Motor Vehicles (DMV) showing that DMV declared appellant an habitual offender in 1997. Attached to that exhibit was an "Order of Revocation" addressed to appellant that stated, "Your privilege to operate motor vehicles in Virginia is revoked *indefinitely* effective April 16, 1997 at 12:01 a.m. because you were determined on March 12, 1997 to be an habitual offender." (Emphasis added).

The record at trial also showed that appellant was convicted of driving after being declared an habitual offender in 2000 and in 2005. Appellant was also convicted of driving after being declared an habitual offender, subsequent offense, in 2007. Appellant was granted a restricted license on May 22, 2008 permitting him to drive to his job. By the terms of the order, the restricted license expired on November 13, 2008. On July 1, 2008 the court revised appellant's restriction by granting him a restricted license until November 13, 2008 for travel associated with a new job. The order provided that five years had not passed "from the date on which Petitioner was adjudged/determined to be an habitual offender." The order also stated that appellant was not to consume any alcohol while driving and continued the case on the docket. On September 11, 2008 the Campbell County Circuit Court entered an order removing the case from the docket without restoring appellant's privilege to drive.

Appellant testified that he was declared an habitual offender in 1997 and acknowledged his convictions for driving after having been declared an habitual offender. Appellant testified he twice received a restricted permit allowing him to drive for work-related travel. Appellant stated he knew he had to go back to court to get his full privileges restored. He explained that he never returned to court because he was never given a court date.

The trial court found appellant guilty, and this appeal follows.

ANALYSIS

Appellant argues the evidence was insufficient to prove his status as an habitual offender at the time of the traffic stop. In particular, he claims that because the Commonwealth failed to produce the "original habitual offender order," it is impossible to determine if the order remained in effect as of October 20, 2009. He concludes that since that order is not in evidence, we do not know if the order limited the duration of the habitual offender status. The record belies this assertion because the DMV transcript clearly showed his status as "indefinite[]."

"'On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom.'" Hagy v. Commonwealth, 35 Va. App. 152, 157, 543 S.E.2d 614, 616 (2001) (quoting Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000)). In considering such an appeal, we presume the judgment of the trial court to be correct and reverse only if the trial court's decision is plainly wrong or without evidence to support it. Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002).

Further, we will not "substitute our judgment for that of the trier of fact, even were our opinion to differ." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Code § 46.2-357(A) provides in relevant part:

> It shall be unlawful for any person determined or adjudicated an
> habitual offender to drive any motor vehicle or self-propelled

- 3 -

machinery or equipment on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect.

The statute does not specify any particular manner in which the Commonwealth must prove the act of driving occurred "while the revocation of the [defendant's] driving privilege remain[ed] in effect." See Code § 46.2-357. Thus, this element of the offense, like any element of a crime, may be proved by circumstantial evidence, as long as the evidence as a whole is sufficiently convincing to exclude all reasonable hypotheses of innocence. Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact. Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

Here, appellant told Deputy Hubbard that he did not have a license. He admitted at trial that he was declared an habitual offender in 1997 and that he had previously been convicted of driving after having been declared an habitual offender. He acknowledged that he twice petitioned the court for a restricted driver's license allowing work-related travel and that neither of those restricted licenses had been renewed. He also conceded that he knew he had to return to court to "get [his] full privileges." Despite such knowledge, appellant never petitioned for the full restoration of his operator's license.

Without objection, the trial court accepted appellant's DMV transcript as evidence and made it part of the record. The transcript included a notice to appellant in 1997 that indicated his privilege to drive is revoked "indefinitely." There was no objection to this exhibit, so the trial court was free to consider the transcript as evidence. Because appellant admitted to never going

- 4 -

back to court, it was reasonable for the trial court to find that when appellant drove on October 20, 2009, his status as an habitual offender was still in full force and effect.

Citing Davis v. Commonwealth, 12 Va. App. 246, 402 S.E.2d 711 (1991), appellant contends that, absent introduction of the order adjudicating him an habitual offender, a possibility exists that the order does not contain essential language that causes his license to be revoked until restored. In Davis, the order declaring Davis an habitual offender contained language limiting the period under which his habitual offender status remained in effect. Although Code § 46.2-356 stated that the revocation would remain effective "until the privilege of the person to drive a motor vehicle . . . has been restored by an order of a court entered in a proceeding as provided in this article," the order entered by the court in Davis's case contained no such provision. 12 Va. App. at 249, 402 S.E.2d at 713. To the contrary, it limited the habitual offender period to ten years. This Court reversed Davis's conviction, explaining that the trial court was required to "[g]iv[e] full force and effect to the order as it reads" and that "[h]ad the order provided," as required by the Habitual Offender Act, "that the revocation would remain in force until the privilege was restored, the conviction would stand." Id.

Here, appellant contends that because there is no habitual offender order, there is no way to determine what language was used in that order and whether the order was still in effect after a period of more than ten years. This argument ignores the fact that appellant's habitual offender status was "indefinite[]," with no limitations as to the duration.

In Sears v. Commonwealth, 29 Va. App. 158, 510 S.E.2d 274 (1999), we rejected a similar argument. There, appellant contended the Commonwealth must affirmatively establish, as an element of the offense, that his license had not been restored. The evidence established Sears had been declared an habitual offender and was prohibited from operating a motor vehicle for ten years and until his driving privileges were restored by the court. We concluded:

Nothing in the instant record suggests that "a Court of Record" had restored defendant's privileges or that he otherwise possessed a valid driver's license. Under such circumstances, the Commonwealth's evidence established a *prima facie* case that defendant remained under the disability of the order, "casting upon [him] . . . the burden of going forward with evidence raising a reasonable doubt as to the illegality of his [conduct]." Mejia v. Commonwealth, 23 Va. App. 173, 177-78, 474 S.E.2d 866, 868 (1996). See Mayhew v. Commonwealth, 20 Va. App. 484, 492, 458 S.E.2d 305, 309 (1995) (While "circumstances[] within the knowledge of the accused . . . may be raised as . . . defenses," they "are not negative elements of the offense [which] must be proven by the Commonwealth.").

Sears, 29 Va. App. at 162, 510 S.E.2d at 276.

As in Sears, nothing in this record suggests any limitation on the duration of the habitual offender status nor that appellant's driving privileges have been restored.

The award of a restricted operator's license does not terminate the habitual offender status. "[I]f a circuit court chooses to issue a restricted license . . . that restricted license will never mature into a full restoration of driving privileges." Commonwealth v. Norman, 268 Va. 539, 547, 604 S.E.2d 82, 86 (2004). Appellant's status as an habitual offender continued despite his limited driving privileges. Travis v. Commonwealth, 20 Va. App. 410, 415, 457 S.E.2d 420, 422 (1995).

Under Code § 46.2-356, in order to have his privilege to drive restored, the habitual offender must petition the circuit court for such relief. As the Supreme Court of Virginia stated in Varga v. Commonwealth, 260 Va. 547, 536 S.E.2d 711 (2000):

> [I]t is clear that once a person is declared an habitual offender by order of a trial court, he retains that status and loses his driving privilege for so long as the order is effective. Thus, unless the trial court specifically limits the duration of the effect of the order, as was the case in Davis, the habitual offender status of the person so declared continues until that person successfully petitions the court to have that status removed and his privilege to drive restored under one of the code sections permitting such petitions. See

> Manning v. Commonwealth, 22 Va. App. 252, 255-56, 468 S.E.2d
> 705, 707 (1996).

Varga, 260 Va. at 551, 536 S.E.2d at 714.

Here, the DMV transcript indicated the termination was "indefinite[]" and appellant admitted he never petitioned the court for restoration of his license. Thus, there was sufficient evidence for the trial court to conclude appellant's status as an habitual offender remained in effect at the time of appellant's arrest.

<u>CONCLUSION</u>

For the foregoing reasons, we find the trial court did not err in finding appellant guilty of driving after having been declared an habitual offender. Therefore, appellant's conviction is affirmed.

<u>Affirmed.</u>