COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:    Judges Alston, Chafin and O'Brien
Argued at Alexandria, Virginia

KENNETH LEE BARDEN

OPINION BY

v.      Record No. 1027-14-4          JUDGE ROSSIE D. ALSTON, JR.
                                       MAY 12, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Bonnie H. Hoffman, Deputy Public Defender (Office of the Public
Defender, on briefs), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Kenneth Barden ("appellant") appeals his conviction of driving under a suspended or

revoked license, in violation of Code § 46.2-301, because the evidence adduced at trial failed to

establish that his driver's license was suspended or revoked at the time he was operating a motor

vehicle. For the reasons expressed below, we agree and reverse appellant's conviction under

Code § 46.2-301(B).

BACKGROUND

The facts in this matter are not in dispute. On November 6, 2013, appellant was driving

in Loudoun County when he was stopped by Officer Clark McDaniel. During the course of the

stop, Officer McDaniel used the computer in his patrol car to access appellant's Department of

Motor Vehicles ("DMV") record, which listed appellant's driver's license status as "revoked."

When asked whether he possessed a driver's license, appellant responded that he did not.

Appellant was arrested and subsequently charged with driving on a suspended or revoked license, in violation of Code § 46.2-301(B).[1]

At appellant's bench trial, the Commonwealth introduced appellant's DMV record as an exhibit. The transcript reflects that on February 15, 2008, appellant was convicted of driving while intoxicated, a first offense, and that the trial court suspended his driver's license for a period of twelve months. Shortly thereafter, upon receipt of appellant's conviction order, the Commissioner of the DMV, pursuant to Code § 46.2-389,[2] revoked appellant's license for a term ending on February 8, 2009.

According to his transcript, appellant was again convicted of driving while intoxicated on February 25, 2008. As before, the trial court suspended appellant's license for twelve months, and the Commissioner revoked appellant's license upon receipt of appellant's conviction order. Appellant's transcript lists the "term" of this revocation as February 18, 2009.

In addition to the two periods of revocation, appellant's transcript lists five separate suspensions (each for an indefinite period) incurred by appellant for failing to pay fines and court

---

[1] Code § 46.2-301(B) states, in pertinent part,

> [N]o resident or nonresident (i) whose driver's license, learner's permit, or privilege to drive a motor vehicle has been suspended or revoked or (ii) who has been directed not to drive by any court or by the Commissioner, or (iii) who has been forbidden, as prescribed by operation of any statute of the Commonwealth or a substantially similar ordinance of any county, city or town, to operate a motor vehicle in the Commonwealth shall thereafter drive any motor vehicle or any self-propelled machinery or equipment on any highway in the Commonwealth until the period of such suspension or revocation has terminated or the privilege has been reinstated or a restricted license is issued pursuant to subsection E.

[2] Under Code § 46.2-389(A) the Commissioner is required to revoke "the driver's license of any resident . . . on receiving a record of his conviction" of driving while intoxicated, among other crimes. Code § 46.2-389(B) provides that the revocation shall last "for one year."

costs associated with prior court proceedings (including appellant's two convictions for driving while intoxicated).[3] During trial, appellant introduced receipts proving that he paid in full his past due fines and court costs relating to all of the prior convictions approximately two months before he was stopped by Officer McDaniel. Appellant testified, however, that he had not paid any reinstatement fees; nor had he applied for a new or renewal driver's license at the time he was stopped.

At the close of the evidence, appellant argued that he was not driving on a suspended or revoked license when he was stopped by Officer McDaniel because the periods of suspension and revocation had ended. According to appellant, his indefinite suspensions terminated upon payment of his past due fines and court costs, while each of his revocations expired on set dates prior to when he was stopped – February 8, 2009 and February 18, 2009, respectively. Because Code § 46.2-301(B) penalizes driving only during the period of suspension or revocation, appellant asserted that the evidence was insufficient to support his conviction. Appellant further asserted that his failure to reapply for a new or renewal license had no bearing on whether the periods of suspension and revocation ended prior to when he was stopped. At most, appellant contended that he was guilty of violating Code § 46.2-300, which punishes as a Class 2 misdemeanor any person who drives without a valid license on a highway in the Commonwealth.

Following the parties' closing arguments, the trial court convicted appellant of driving after his privilege was suspended or revoked. In reaching its decision, the trial court noted that Code § 46.2-100 draws a distinction between suspension and revocation: While the trial court recognized some "merit to [appellant's] argument about suspension – the idea that . . . it might be

---

[3] Because appellant's numerous suspensions were largely coterminous, we refer throughout this opinion to a singular period of suspension rather than multiple, overlapping periods of suspension. We follow the same approach when referencing appellant's period of revocation.

- 3 -

self-curing, that you pay and you no longer have that suspension because it was only suspended indefinitely until you pay," the trial court found no support for appellant's argument that a revocation terminated prior to restoration of one's driver's license. Relying on appellant's DMV transcript, which identified appellant's then-status as revoked, the trial court found appellant guilty of driving on a revoked license.

This appeal followed.

ANALYSIS

Appellant contends that the trial court erred by finding the evidence sufficient to support his conviction of driving under a suspended or revoked license. According to appellant, his license was neither suspended nor revoked when he was stopped by Officer McDaniel. This is so, appellant says, because the period of his license suspension terminated upon payment of his outstanding court costs, and his period of revocation ended years prior to his arrest for driving under a revoked license. Although appellant concedes that he did not formally reapply to have his license reinstated or renewed after the term of his suspension and revocation ended, he contends that his failure to reapply for a reinstated license is immaterial to his conviction under Code § 46.2-301(B), because "the revocation provisions [of Chapter 3 of Title 46.2] separate the termination of the revocation from the reinstatement of one's [license]" and "revocation must end before reinstatement may occur." Appellant's Br. at 12. In other words, appellant asserts that, although he was an unlicensed driver at the time he was stopped,[4] he was not guilty of driving under a *revoked* license because Code § 46.2-301(B) penalizes driving on a suspended or revoked license only "until the period of suspension or revocation has terminated," id. at 4, and

_____

[4] See Code § 46.2-300 (treating driving without a valid license as a Class 2 misdemeanor).

- 4 -

both periods expired before the date of his stop. Accordingly, appellant contends that the Commonwealth did not meet its burden of proving a violation of Code § 46.2-301(B).

In response, the Commonwealth contends that the suspension and revocation of appellant's license remained in effect at the time of his arrest, because "a suspension or revocation does not end automatically by operation of law, but instead continues until a new license is applied for and issued." Commonwealth's Br. at 8. According to the Commonwealth, this conclusion follows primarily from Code § 46.2-411(C), which states that "[an] order of suspension or revocation shall remain in effect and the driver's license, . . . shall not be reinstated and no new driver's license, . . . shall be issued or granted unless such person, in addition to complying with all other provisions of law, pays to the Commissioner a reinstatement fee."[5] Because the Commissioner was not permitted to issue appellant a new or renewal license until appellant satisfied these statutory prerequisites, which appellant admittedly did not complete following the terms of his suspension and revocation, the Commonwealth asserts that appellant's suspension and revocation remained in effect at the time of his stop.

The issue presented in this appeal raises a question of statutory construction, which we review *de novo*. Kirby v. Commonwealth, 63 Va. App. 665, 669, 762 S.E.2d 414, 416 (2014). Our review is guided by well-settled principles.

> "It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and

---

[5] The Commonwealth cites also to Code § 46.2-411.1, which requires "written confirmation" that the person whose license was suspended or revoked as a result of a conviction for driving while intoxicated "successfully completed" an alcohol safety action program, and Code § 46.2-412, which provides, in relevant part, that "[e]very suspension or revocation shall remain in effect and the Commissioner shall not issue any new or renewal license . . . until permitted under the provisions of [Chapter 3 – Licensure of Drivers]."

- 5 -

popular meaning, unless it plainly appears that they were used in some other sense. If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute."

Shreve v. Commonwealth, 44 Va. App. 541, 546-47, 605 S.E.2d 780, 782 (2004) (quoting Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918)). We are also mindful that a proceeding under Code § 46.2-301 is criminal, and violations are punished as misdemeanors. Accordingly, Code § 46.2-301 "'must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.'" Davis v. Commonwealth, 12 Va. App. 246, 248, 402 S.E.2d 711, 712 (1991) (quoting Crews v. Commonwealth, 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987)).

Code § 46.2-301(B) prohibits an individual whose driver's license has been suspended or revoked from driving "until the period of such suspension or revocation has terminated or the privilege has been reinstated or a restricted license is issued." In other words, this statutory provision criminalizes driving only during the period in which one's driver's license is suspended or revoked. See Paduano v. Commonwealth, 64 Va. App. 173, 180, 766 S.E.2d 745, 748 (2014) ("'Courts are required to apply the plain language of a statute when possible and may not rewrite it.'" (quoting Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007))). It follows no less clearly from Code § 46.2-301(B)'s plain language that license suspensions and revocations have defined beginnings and endings; that is the natural import of the phrase "the period of . . . suspension or revocation."

Moreover, those periods of suspension and revocation come about independent of the Commissioner's reinstatement or renewal of one's driver's license. Code § 46.2-100 clarifies this point. Under that provision, the legislature has defined "suspension" to "mean[] that the document or privilege suspended has been temporarily withdrawn, but may be reinstated

*following the period of suspension*" and "revocation" to "mean that the document or privilege revoked is not subject to renewal or restoration except through reapplication *after the expiration of the period of revocation*."  (Emphasis added).  In other words, Code § 46.2-100 references the reinstatement or renewal of a suspended or revoked license as an event separate from (and in this context, subsequent to) the termination of the period of suspension or revocation.  Thus, Code § 46.2-100 makes reinstatement or renewal of a driver's license contingent upon the termination of the period of suspension or revocation – not vice versa, as the Commonwealth contends.

Furthermore, to adopt the Commonwealth's assertion – that a period of "suspension or revocation . . . continues until a new license is applied for and issued" – would not only invert this relationship but also conflate the Commissioner's authority to suspend or revoke a license with his distinct authority to issue a new or renewal license.  While the issuance of a new or renewal license is within the Commissioner's broad discretion, see Code § 46.2-411(A) (stating that the Commissioner may refuse to issue any new or renewal license to an individual whose license has been suspended or revoked "whenever he deems . . . it necessary for the safety of the public"), the Commissioner's authority to suspend or revoke a driver's license is strictly circumscribed by statute, see generally Code § 46.2-410 (noting that suspension or revocation of a license is mandatory in certain cases).  In other words, the Commissioner's authority to suspend or revoke an individual's driver's license extends no further than the authorizing statute permits.

As relevant here, Code § 46.2-389 mandated revocation of appellant's license "for one year" upon the Commissioner receiving a record from the trial court of appellant's convictions for driving while intoxicated.  Appellant incurred both convictions in February 2008, the trial court notified the Commissioner on both occasions within the same month, and the Commissioner issued revocation orders shortly thereafter.  Appellant's period of revocation

therefore lasted no later than February 2009.  See App. at 68 (appellant's DMV transcript

identifying the "term" of his revocations as February 8, 2009 and February 18, 2009,

respectively).  Similarly, Code § 46.2-395(B) authorized suspension of appellant's license upon

his failure to pay court costs and fines assessed against him by the trial court - but only until the

costs "ha[d] been paid in full."  The undisputed facts of this case establish that appellant paid in

full his assessed court costs and fines approximately two months prior to when he was stopped.

Accordingly, the periods of suspension and revocation assessed against appellant terminated

prior to when he was stopped by Officer McDaniel.

Although appellant concedes that he made no effort to acquire a new driver's license

following the termination of the relevant periods of suspension and revocation, this failure had

no bearing on whether he violated Code § 46.2-301(B).  The periods of suspension and

revocation terminated by operation of the same statutory provisions that first authorized them[6] –

and appellant's failure to complete the necessary steps to acquire a new license (those relied

upon by the Commonwealth on brief) concerns only whether appellant is validly permitted to

drive in the Commonwealth.  See Code § 46.2-300 (punishing as a Class 2 misdemeanor any

person who drives any motor vehicle on any highway in the Commonwealth without a valid

license).  This conclusion is apparent from the very statutory provision relied upon by the

---

[6] The Commonwealth contests this point, asserting "that a suspension or revocation does not end automatically by operation of law, but instead continues until a new license is applied for and issued."  Commonwealth's Br. at 8.  In support of this contention the Commonwealth cites Sears v. Commonwealth, 29 Va. App. 158, 510 S.E.2d 274 (1999).

We find the Commonwealth's reliance on Sears misplaced.  In Sears, which concerned the habitual offender statute in place at that time, we concluded that a defendant's privilege to drive was not automatically restored simply "by the passage of the revocation period," because the court order suspending the defendant's privilege to drive expressly prohibited the defendant from driving "for a period of ten (10) years . . . *and until [defendant's] privilege . . . to operate a motor vehicle . . . ha[d] been restored by [a court of record]*."  Id. at 161, 510 S.E.2d at 275 (emphasis added).  Here, unlike Sears, the relevant statute prohibits driving only until the period of suspension or revocation terminates *or* the privilege has been reinstated.  Code § 46.2-301(B).

Commonwealth. While Code § 46.2-411(C) states that an "order of suspension or revocation shall remain in effect" until an individual "pays to the Commissioner a reinstatement fee," Code § 46.2-302 provides that an individual who "has failed to pay a reinstatement fee, shall be tried under [Code] § 46.2-300" - not, as here, under Code § 46.2-301(B).[7]

This is so because, while Code § 46.2-411(C) states that "[an] order of suspension or revocation shall remain in effect," it does not perpetuate the "period of suspension or revocation" that is the focus of Code § 46.2-301(B). The termination of a period of suspension or revocation precedes the reinstatement (or in the case of revocation, restoration) of one's license. See Code § 46.2-100 (stating that a revoked license may be restored "through reapplication *after the expiration of the period of revocation*" and a suspended license may be reinstated "*following the period of suspension*" (emphasis added)). It is the termination of the period of suspension or revocation that triggers an individual's eligibility for reinstatement (or restoration). It makes little sense, then, to suggest that the period of suspension or revocation continues until the reinstatement fee is paid.

Moreover, Code § 46.2-411(C) grants to the Commissioner the discretion to waive repayment of the reinstatement fee "[w]hen three years have elapsed *from the termination date of the order of suspension or revocation* and the person has complied with all other provisions of law." (Emphasis added). Were we to assume that repayment of the reinstatement fee was required before a period of suspension or revocation terminated, as the Commonwealth contends, this provision would be meaningless. The Commissioner could never relieve an individual of

---

[7] This is also true of Code § 46.2-411.1(A), which the Commonwealth cites on brief. While Code § 46.2-411.1(A) precludes restoration of a driver's license until the Commissioner has received "written confirmation that the person has successfully completed [an alcohol safety action program]," subsection (B) provides that any person who drives in the Commonwealth before "successful completion of such program shall be guilty of a violation of [Code] § 46.2-300."

paying the reinstatement fee after "three years have elapsed from the termination of the date of the order of suspension or revocation," if the period of suspension or revocation terminated only upon payment of the fee.

Our construction of the relevant statutory texts causes us to conclude that a period of suspension or revocation terminates independent of reinstatement or renewal of one's driver's license. Thus, we find that appellant's failure to reapply for a new license or formally become a reinstated licensee did not extend the periods of his suspension or revocation, as argued by the Commonwealth. Accordingly, we hold that the evidence was insufficient to prove that appellant drove a motor vehicle on any highway in the Commonwealth before "the period of [his] suspension or revocation ha[d] terminated." Code § 46.2-301(B). We therefore reverse appellant's conviction for driving on a suspended or revoked license in violation of Code § 46.2-301(B).

Because we hold that the evidence was insufficient to prove that appellant drove a vehicle in violation of any existing period of suspension or revocation, we reverse the trial court's conviction of appellant under Code § 46.2-301(B).

Reversed.