COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, Petty and AtLee
Argued at Lexington, Virginia


CHRISTOPHER LEE CROFT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1957-14-3                      JUDGE WILLIAM G. PETTY
                                                    JUNE 30, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Marcus H. Long, Jr., Judge

Bruce T. Phillips (Phillips Law, PLC, on brief), for appellant.

(Mark R. Herring, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Christopher Lee Croft was convicted of driving while his license was suspended, in

violation of Code § 18.2-272.  On appeal, Croft argues that the trial court incorrectly interpreted

the driving prohibition contained in Code § 18.2-272 as applying beyond the initial one-year

period of suspension imposed by Code § 18.2-271.  We agree.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

 "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Becker v. Commonwealth,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

64 Va. App. 481, 486, 769 S.E.2d 683, 685 (2015) (quoting Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)).

## II.

The question before this Court is whether the period of suspension required by Code § 18.2-271 should be interpreted as a fixed term of one year, and if so whether the one year in this case expired before Croft was charged. "Questions of statutory interpretation are reviewed *de novo*." Sarafin v. Commonwealth, 288 Va. 320, 325, 764 S.E.2d 71, 74 (2014). The question of whether the period of suspension expired in this case is a mixed question of law and fact which is reviewed *de novo*. See id.

Code § 18.2-266 states, in relevant part, that "[i]t shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol." Code § 18.2-271(A) provides, in relevant part, that "the judgment of conviction if for a first offense under § 18.2-266 . . . shall of itself operate to deprive the person so convicted of the privilege to drive or operate any motor vehicle, engine or train in the Commonwealth for a period of one year from the date of such judgment."[1] Finally, Code § 18.2-272 provides, in relevant part, that "[a]ny person who drives or operates any motor vehicle, engine or train in the Commonwealth during the time for which he was deprived of the right to do so . . . by § 18.2-271. . . is guilty of a Class 1 misdemeanor."

The Commonwealth argues that, because Croft's license was never reinstated, his suspension under Code § 18.2-271 did not expire. We disagree.

---

[1] In addition to the suspension required by Code § 18.2-271, Code § 46.2-389 requires the Commissioner of the Department of Motor Vehicles ("DMV") to revoke an individual's license upon receiving a record of his conviction for violation of Code § 18.2-266. Thus two distinct consequences flow from a conviction under Code § 18.2-266. The individual's privilege to drive is suspended for a year pursuant to Code § 18.2-271, and his license is revoked for a year pursuant to Code § 46.2-389. Croft was convicted of violating Code § 18.2-272, which references the period of suspension pursuant to Code § 18.2-271 only. Our analysis is therefore limited to the suspension under that section.

Our recent decision in Barden v. Commonwealth, 64 Va. App. 700, 771 S.E.2d 699 (2015), is instructive.[2]  In that case, this Court recognized that a suspension is separate and distinct from a *period* of suspension.  Id. at 707, 771 S.E.2d at 703.  This follows from the plain language of Code § 46.2-100, which provides that a suspended privilege may be reinstated "*following the period of suspension*."  Id.  Thus, we concluded in Barden that although appellant's license was still in revoked status, he was not driving during the *period* of suspension or revocation because the "periods of suspension and revocation terminated by operation of the same statutory provisions that first authorized them."  Id. at 708, 771 S.E.2d at 703.

Although we did not address Code § 18.2-271 in Barden, we hold that the same reasoning applies to the period of suspension authorized by that section.  Under Code § 18.2-271, the conviction "of itself operate[d] to deprive [Croft] of the privilege to drive or operate any motor vehicle . . . for a period of one year from the date of such judgment."  See Code § 18.2-271.  This was a suspension of Croft's driving privilege.  See id. ("This *suspension* period shall be in addition to the *suspension* period provided under § 46.2-319.2." (emphasis added)).  Croft was charged with violation of Code § 18.2-272 only, which is driving "during the time for which he was deprived of the right to do so" by Code § 18.2-271.  Consequently, the only time period relevant here is the period under Code § 18.2-271 that Croft was deprived of the right to drive.  Under the plain language of that section, Croft's judgment of conviction under Code § 18.2-266 operated to deprive Croft of the privilege to drive "for a period of one year from the date of such judgment."  Here, the date of conviction was in May 2008, meaning the one year of suspension expired in 2009.[3]  After that point, regardless of Croft's numerous other suspensions for failing

---

[2] This opinion was published after the parties submitted their appellate briefs.

[3] The order of conviction for the May 2008 conviction for driving while intoxicated was not included in the record.  According to the DMV transcript, the DMV revoked Croft's license on June 18, 2008 for a term to expire on May 15, 2009 for a conviction dated May 21, 2008.

to pay court costs, fees, and fines, he could not be charged with driving during the period of his Code § 18.2-271 suspension.

The Commonwealth also argues that based on the plain language of Code § 18.2-271(D) Croft's period of suspension did not begin to expire because Croft provided no evidence that he ever surrendered his license. We disagree.

Code § 18.2-271(D) provides that "[n]otwithstanding any other provision of this section, the period of license revocation or suspension shall not begin to expire until the person convicted has surrendered his license to the court or to the Department of Motor Vehicles." However, the transcript of Croft's driving record, which was admitted without objection, indicates that Croft was never issued a license. On the contrary, he was convicted twice in 2005 of driving without a license, and subsequently convicted four additional times in 2005 and 2006 of driving while his license was revoked or suspended. The transcript further shows that on the day he was convicted of driving while intoxicated, Croft was also convicted of driving while his license was revoked or suspended. Thus, the transcript indicates that Croft had no license to surrender when he was convicted of driving while intoxicated.

"Our goal in statutory interpretation is to carry out the General Assembly's intent 'as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.'" Bailey v. Spangler, ___ Va. ___, ___, ___ S.E.2d ___, ___ (Apr. 16, 2015) (quoting Board of Supervisors v. Windmill Meadows, LLC, 287 Va. 170, 179-80, 752 S.E.2d 837, 842 (2014)). Under the Commonwealth's interpretation of Code § 18.2-271(D), an individual who was convicted of driving while intoxicated in violation of Code § 18.2-266, but who had no license to surrender, would be subject to a never-expiring suspension. Such an

---

There is no explanation in the record to account for the discrepancy between the days. Nonetheless, since the subsequent charge of driving while suspended occurred six years after the date of conviction, a few days' difference does not affect our analysis.

individual would never be able to acquire a valid operator's license. The General Assembly could not have intended such a result. It would be a manifest absurdity to require Croft to surrender a license that he does not have in order for the suspension term to begin expiring. We therefore hold that where an individual convicted under Code § 18.2-266 has no license to surrender, the period of suspension required by Code § 18.2-271 begins on the date of conviction and ends one year later.[4]

We agree that based on the record Croft's privilege to operate a motor vehicle remains suspended. The record shows at least seventeen "indefinite" periods of suspension for unpaid fines, costs, and fees. Nevertheless, the question before us is whether Croft was properly convicted under Code § 18.2-272. We hold that he was not. The period of suspension authorized by Code § 18.2-271 was one year from the date of conviction for driving while intoxicated. Because Croft had no license to surrender, the period of suspension began to expire on the day of conviction, May 21, 2008 and concluded a year later. His subsequent arrest six years later was therefore well beyond the suspension period imposed by Code § 18.2-271, and Croft cannot be convicted under Code § 18.2-272 for driving during the period of that suspension.

### III.

Despite Croft's numerous other suspensions of his driving privilege, we must reverse the trial court's conviction of Croft for violation of Code § 18.2-272 and dismiss the warrant.

<u>Reversed and dismissed.</u>

---

[4] Because the Commonwealth's evidence shows that Croft did not have an operator's license on the date of his conviction, we are not called upon to analyze who has the burden of proof in showing the individual has no license.