COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Friedman and Senior Judge Petty
Argued at Williamsburg, Virginia

NICHOLAS EUGENE GLOVER

OPINION BY
JUDGE MARY BENNETT MALVEAUX

v.      Record No. 0113-24-1

JULY 22, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

Samantha Offutt Thames, Senior Appellate Attorney (Michelle C.F.
Derrico, Senior Appellate Attorney; Virginia Indigent Defense
Commission, on briefs), for appellant.

John A. Fisher, Assistant Attorney General (Jason S. Miyares,
Attorney General; Mary Catherine Talbott, Assistant Attorney
General, on brief), for appellee.

Following a bench trial, Nicholas Eugene Glover ("appellant") was convicted of driving on

a license revoked for DUI/manslaughter, second or subsequent offense, in violation of Code

§ 46.2-391. On appeal, he argues that the trial court erred in denying his motion to strike because

the evidence was insufficient to prove that his license was revoked at the time he drove a vehicle.

For the following reasons, we affirm the conviction.

BACKGROUND

On May 22, 2022, Officer Stewart of the Chesapeake Police Department was driving to a

reported burglary when he saw appellant driving a car similar to one reportedly involved in the

burglary. Appellant turned onto another road at a high rate of speed but eventually stopped and got

out of his car. At that point, Stewart approached and identified appellant, checked his driving

record, and determined that his license had been revoked.

Appellant was subsequently indicted under Code § 46.2-391(D)(3) for driving on a revoked license, DUI/manslaughter, second or subsequent offense. At trial, the Commonwealth introduced appellant's Department of Motor Vehicles ("DMV") transcript. The transcript reflected that on August 24, 2012, appellant was convicted of aggravated involuntary manslaughter, in violation of Code § 18.2-36.1, and his license was revoked for that conviction.[1] The DMV transcript also reflected that on September 4, 2020, appellant was convicted under Code § 46.2-391(D)(1) of driving on a revoked license. Appellant's license was classified as "revoked" on the DMV transcript admitted at trial.

After the Commonwealth rested, appellant moved to strike the evidence. Relying on *Barden v. Commonwealth*, 64 Va. App. 700 (2015), appellant contended that his license was revoked on August 24, 2012—the date of his conviction for aggravated involuntary manslaughter—and that the revocation had lasted for five years, or until August 24, 2017. That being so, appellant asserted that he might have been guilty of driving without a valid license under Code § 46.2-300, but not of violating Code § 46.2-391(D)(3), because there was no revocation in effect when he drove on May 22, 2022. The trial court denied the motion and found appellant guilty, distinguishing *Barden* on the ground that Code § 46.2-391(B) does not contain a statutory revocation period.

This appeal followed.

ANALYSIS

Appellant argues that the trial court erred in denying his motion to strike because the evidence was insufficient to prove that his license was revoked when he was seen driving on May 22, 2022.

---

[1] On August 24, 2012, the same date as his aggravated involuntary manslaughter conviction, appellant was also convicted of driving while intoxicated, in violation of Code § 18.2-266. His license was revoked for a 12-month period due to that conviction. Appellant's revocation related to his DUI conviction is not the revocation at issue on appeal.

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "When our review of the sufficiency of the evidence requires statutory interpretation, we review the language and meaning of that statute *de novo*." *Johnson v. Commonwealth*, 73 Va. App. 393, 399 (2021). "The primary objective of statutory construction is to 'determine the General Assembly's intent from the words contained in [the] statute.'" *Turner v. Commonwealth*, 65 Va. App. 312, 323 (2015) (alteration in original) (quoting *Washington v. Commonwealth*, 272 Va. 449, 455 (2006)). "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language." *Jones v. Commonwealth*, 296 Va. 412, 415 (2018) (quoting *Alston v. Commonwealth*, 274 Va. 759, 769 (2007)). "While penal statutes must be strictly construed against the Commonwealth, 'the plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results.'" *Newton v. Commonwealth*, 21 Va. App. 86, 89 (1995) (quoting *Branch v. Commonwealth*, 14 Va. App. 836, 839 (1992)). "Where only one construction of a statute is reasonable, 'a criminal defendant is not "entitled to benefit from an 'unreasonably restrictive interpretation of [it].'"'" *Tanner v. Commonwealth*, 72 Va. App. 86, 101 (2020) (alteration in original) (quoting *Blake v. Commonwealth*, 288 Va. 375, 386 (2014)).

Appellant contends that *Barden* controls the disposition of this case. *Barden* addressed a conviction under Code § 46.2-301 for driving on a suspended or revoked license. 64 Va. App. at 702. Under that code section, a person whose driver's license has been suspended or revoked may not operate a motor vehicle "until the period of such suspension or revocation has terminated or the

privilege has been reinstated." Code § 46.2-301(B). The license of the defendant in *Barden* had been revoked for DUI convictions on 2 separate occasions; each revocation was for a period of 12 months and had terminated prior to when the defendant was stopped by police. 64 Va. App. at 702-03, 708. Additionally, the defendant had five suspensions, each for an indefinite period, for failure to pay fines and court costs from prior proceedings. *Id.* at 703. But by the time the defendant was stopped for operating a motor vehicle, he had paid all those fines and costs, thereby terminating his indefinite suspensions.[2] *Id.* at 703, 708. The Commonwealth argued "that the suspension and revocation of [the defendant's] license remained in effect at the time of his arrest, because 'a suspension or revocation does not end automatically by operation of law, but instead continues until a new license is applied for and issued.'" *Id.* at 705. Our Court rejected this argument, noting that, under Code § 46.2-100, the definitional statute governing Title 46.2,

> the legislature has defined "suspension" to "mean[] that the document or privilege suspended has been temporarily withdrawn, but may be reinstated *following the period of suspension*" and "revocation" to "mean that the document or privilege revoked is not subject to renewal or restoration except through reapplication *after the expiration of the period of revocation*."

*Id.* at 707 (alteration in original). Thus, Code § 46.2-100 "references the reinstatement or renewal of a suspended or revoked license as an event separate from (and in this context, subsequent to) the termination of the period of suspension or revocation." *Id.* Accordingly, in *Barden*, although the defendant "concede[d] that he made no effort to acquire a new driver's license following the termination of the relevant periods of suspension and revocation," his "failure had no bearing on whether he violated Code § 46.2-301(B)," because "[t]he periods of suspension and revocation terminated by operation of the same statutory provisions that first authorized them." *Id.* at 708.

---

[2] When *Barden* was decided, Code § 46.2-395 provided that an individual's license would be suspended upon failure to pay courts costs or fines, but that the suspension would end when the costs or fines had been "paid in full." Code § 46.2-395 was repealed after our decision in *Barden*. 2020 Va. Acts chs. 964, 965.

Here, relying on *Barden*, appellant argues that the evidence was insufficient to prove that his license was revoked because, under Code § 46.2-391, his "period of revocation expired on August 24, 2017, five years from the date of his conviction for manslaughter." We disagree with appellant's construction of Code § 46.2-391 and find *Barden* inapposite to the case at hand.

Code § 46.2-391(B) states that the Commissioner of the DMV "*shall forthwith revoke and not thereafter reissue* the driver's license of any person after receiving a record of the conviction of any person (i) convicted of a violation of [Code] § 18.2-36.1," the offense that led to appellant's revocation here. (Emphasis added). Subsection (D) of the statute then sets out various penalties for "[a]ny person convicted of driving a motor vehicle . . . while his license is revoked pursuant to subsection . . . B." Code § 46.2-391(D). Unlike Code § 46.2-301, however, Code § 46.2-391 does not prohibit driving during a "period" of revocation; it simply proscribes driving while an individual's license is revoked under that code section. *See* Code § 46.2-301(B) (prohibiting a person whose driver's license has been suspended or revoked from operating a motor vehicle "until the *period of such suspension or revocation* has terminated or the privilege has been reinstated" (emphasis added)).

The statute then provides that an individual whose license has been revoked pursuant to Code § 46.2-391(B) may petition the circuit court "[f]or restoration of his privilege to drive a motor vehicle in the Commonwealth after the expiration of five years from the date of his last conviction."[3] Code § 46.2-391(C)(1). Appellant characterizes this five-year period as a set "period

---

[3] The Commonwealth argues on brief that because appellant was convicted in September 2020 of driving on a license revoked for DUI/manslaughter, in violation of Code § 46.2-391(D), he was still within the five-year period where he was ineligible to seek restoration of his license when he was seen driving by Stewart. Thus, it contends, even accepting appellant's argument that *Barden* applies to the facts of this case, appellant's license was still revoked at the time of his driving. In response, appellant argues that the "last conviction" language in Code § 46.2-391(C) only refers to convictions specifically named in subsection B. *See* Code § 46.2-391(B) (listing Code §§ 18.2-36.1, -51.4, -266, and Code § 46.2-341.24 as offenses for which convictions, under certain circumstances, can result in a revocation under subsection (B)).

of revocation," but this ignores the statutory scheme specific to Code § 46.2-391. Under that scheme, an individual whose license has been revoked may petition for restoration of their license after five years from revocation, but this restoration is not automatic—rather, "[o]n such petition, and for good cause shown, the court *may*, *in its discretion*, restore to the person the privilege to drive a motor vehicle." Code § 46.2-391(C)(1) (emphasis added). Accordingly, a revocation under Code § 46.2-391(B) remains in effect indefinitely until a court—in its discretion—restores an individual's privilege to drive. As such, Code § 46.2-391(C) does not contain a set, five-year period of revocation as asserted by appellant, because the revocation has no automatic end date; instead, restoration is left to the discretion of the court.[4]

Unlike the suspensions and revocations at issue in *Barden*, the revocation of appellant's license did not expire automatically by operation of law.[5] And because appellant's revocation under

---

We need not resolve this dispute, however, as Code § 46.2-391's statutory language makes clear there is no set period of revocation under that code section; thus, because appellant had not restored his license under Code § 46.2-391(C), his license was still revoked at the time of the offense. *See Commonwealth v. Swann*, 290 Va. 194, 196 (2015) ("The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010))).

[4] Appellant points to *Barden*'s use of the definitions in Code § 46.2-100 of "revocation" and "suspension" to support his argument that revocations such as the one here are of set duration. Relevant here, Code § 46.2-100 defines "revocation" as "mean[ing] that the document or privilege revoked is not subject to renewal or restoration except through reapplication after the expiration of the period of revocation." That statute's prefatory language, however, states that its definitions apply to Title 46.2 "unless the context requires a different meaning." As noted above, under Code § 46.2-391(B) there is no "period of revocation," and thus its context requires a departure from the general definition contained in Code § 46.2-100. And, even assuming that the "period of revocation" language contained in Code § 46.2-100 applied to Code § 46.2-391, the only way that a period of revocation would end under Code § 46.2-391 is if a court, in its discretion, granted an individual a restored license at some uncertain point after a petition for restoration was filed. Thus, this uncertain end date makes the reasoning in *Barden* inapplicable to the case at hand.

[5] Although the defendant's suspensions in *Barden* were for indefinite periods, the suspensions in that case were set to automatically end, and did so, upon the defendant's payment of court costs and fines; thus, there was a definite end date for the suspensions, unlike the revocation here.

- 6 -

Code § 46.2-391(B) was not automatically "terminated by operation of the same statutory provision[] that first authorized [it]," *Barden*, 64 Va. App. at 708, he was driving on a license revoked for DUI/manslaughter when seen driving by Officer Stewart on May 22, 2022. Therefore, the trial court did not err in denying appellant's motion to strike, because the evidence was sufficient to prove that on that date, he was driving on a license revoked for DUI/manslaughter.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*